IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C.T., <br><br>     Petitioner, <br><br>     vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, <br><br>     Respondent. | Civil No. 1:26-cv-03308-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 242-290-996 |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

Petitioner Francisco C.T.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

Petitioner has lived continuously in the country since he entered in 2012.  Dkt. No. 1, at pg. 3.  Petitioner and his partner have two U.S.-citizen daughters, the younger of which Petitioner has never met because she was born after his current detention began in March 2026.  *Id.*  Petitioner has no criminal history.  *Id.* at pg. 4.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that because he is not subject to mandatory detention as an "arriving alien" under 8 U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[2] *Id.* at pg 2. Petitioner seeks an order granting either his immediate release or a "prompt bond hearing." *Id.* Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g.*, *Aguilar Hernandez v. Chestnut*, No. 1:26-cv-00709-DJC-AC, 2026 WL 303477 (E.D. Cal. Feb. 4, 2026); *Crispin M. C. v. Noem*, No. 1:25-cv-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondent to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 5. The court appreciates Respondent's timely and candid response. Dkt. No. 6. Although Respondent maintains that Petitioner's

---

[2] Petitioner also argues that: (1) detaining him without a bond hearing violates the Due Process Clause of the Fifth Amendment; (2) detaining him is unreasonably and arbitrary; and (3) due process requires an individualized determination. Dkt. No. 1, at pgs. 5–6. Given the relief granted by the court and the fact that Petitioner's other arguments are not fully developed, these claims are DENIED without prejudice.

detention is lawful, he acknowledges that there "appears to be no substantive distinction between this case the cases the [c]ourt cited in its minute order."  *Id.* at pg.1. Respondent does not request a hearing, he does not intend to file additional briefing, and he is amenable to the court ruling on the petition without further briefing.  *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing.  Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless he demonstrates, within seven days of the date of this Order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a). Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  Given the foregoing, Petitioner's TRO application, Dkt. No. 2, is DENIED AS MOOT.

//

//

//

//

//

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 4, 2026, at Honolulu, Hawai'i.

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03308-MWJS; *Francisco C.T. v. Warden California City Correctional Center*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART